### In re GIBSON.

(Supreme Court, Special Term, Allegany County. January, 1908.)

ELECTIONS—BALLOTS—CONTENTS—INTOXICATING LIQUORS—LOCAL OPTION.

Section 16 of the liquor tax law (Laws 1896, p. 57, c. 112) provides that certain questions regarding the sale of liquors "shall be submitted * * * by ballot * * * upon the face of which shall be printed in full the said questions," setting them out. The names of the questions, omitting the questions, were printed on the ballot and voted on. *Held*, a total omission, not only of all language required, but the idea, sub-

stance, and the question itself, warranting the calling of a special election for a resubmission of the questions to the electors.

Application of John D. Gibson for a special town meeting for resubmission of local option questions. Petition granted.

Harry K. Brown and Harry L. Allen, for the motion.
D. D. Dickson, opposed.

BROWN, J. Upon a petition duly signed and acknowledged by the proper number of electors of the town of Angelica, Allegany county, duly filed as required by section 16 of the liquor tax law (Laws 1896, p. 57, c. 112), with the town clerk of that town, the four following propositions relative to selling liquor were submitted to the voters at an election held on November 5, 1907:

"Question No. 1. Selling liquor to be drunk on the premises where sold, known as a saloon license.
"Question No. 2. Selling liquor not to be drunk on the premises where sold, known as a store license.
"Question No. 3. Selling liquor as a pharmacist on a physician's prescription.
"Question No. 4. Selling liquor by hotel keepers only."

The statute provides:

"The following questions shall be submitted * * * by ballot * * * upon the face of which shall be printed in full the said questions:
"Question 1. Selling liquor to be drunk on the premises where sold. Shall any person be authorized to traffic in liquors under the provisions of subdivision one of section eleven of the liquor tax law, namely, by selling liquor to be drunk on the premises where sold, in the town of Angelica?
"Question 2. Selling liquor not to be drunk on the premises where sold. Shall any person be authorized to traffic in liquors under the provisions of subdivision two of section eleven of the liquor tax law, namely, by selling liquor not to be drunk on the premises where sold, in the town of Angelica?
"Question 3. Selling liquor as a pharmacist on a physician's prescription. Shall any person be authorized to traffic in liquors under the provisions of subdivision three of section eleven of the liquor tax law, namely, by selling liquor as a pharmacist on a physician's prescription, in the town of Angelica?
"Question 4. Selling liquor by hotel keepers only. Shall any person be authorized to traffic in liquors under subdivision one of section eleven of the liquor tax law, but only in connection with the business of keeping a hotel, in the town of Angelica, if the majority of the votes cast on the first question submitted are in the negative?"

It is thus seen that the questions required by the statute to be submitted to the voters of that town at the election held November 5, 1907, were not submitted to them at that election. The propositions that were submitted in no way comply with the statutory requirement. The electors have not voted on the questions required by law to be submitted to them. They apparently voted on the name of the questions. This is not a case of an immaterial variation in the language used upon the ballot from that of the statute prescribing what language shall be used. It is a total omission, not only of all language required, but the idea, the substance, the question itself. A proper petition, duly and properly executed, being attached to moving papers asking for a resubmission of the local option questions to the electors at a special election to be called, an order may be entered directing a

special town meeting to be called, at which the four propositions required by section 16 of the liquor tax law, as amended, shall be submitted to the electors of the town of Angelica.